UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | Criminal Action No. 6: 13-027-DCR |
| V. | ) ) ) | |
| VICTORIA C. DAY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Victoria Day is serving a term of imprisonment of 124 months based on her involvement in a conspiracy to manufacture methamphetamine. [Record No. 334] By letter dated February 10, 2015, Day advised the Court of her intention to request a reduction in her sentence under 18 U.S.C. § 3582(c)(2).[1] [Record No. 441] The Court construes this letter as a motion for a reduction in her sentence as a result of the recent changes to the United States Sentencing Commission's drug tables in the United States Sentencing Guidelines. However, for the reasons discussed below, the Court has determined that a reduction of the defendant's sentence is unwarranted.

---

1  The Court previously considered and denied three separate requests for appointment of counsel by the defendant, finding that counsel is not required for motions seeking relief under 18 U.S.C. § 3582(c)(2). [Record Nos. 412, 415, 434] Further, this matter need not be scheduled for a hearing to resolve the defendant's motion. There is no constitutional right to a hearing in proceedings filed under 18 U.S.C. § 3582(c)(2). *United States v. Whitebird*, 55 F.3d 1007 (5th Cir. 1995); *United States v. Townsend*, 98 F.3d 510 (9th Cir. 1996); *United States v. Webb*, 565 F.3d 789 (11th Cir. 2009); and *United States v. Legree*, 205 F.3d 724 (4th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001).

A two-count Indictment was returned against Day and seven other defendants on June 27, 2013. [Record No. 1] Subsequently, a Superseding Indictment was returned on August 22, 2013, adding five new defendants. [Record No. 76] Day was charged in Count 1 of the Superseding Indictment with conspiring to manufacture 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 18 U.S.C. §§ 841(a)(1) and 846. Rather than proceeding to trial, Day pleaded guilty on January 3, 2014. [Record No. 237] Paragraph 3 of Day's written Plea Agreement describes her role in the offense and states:

> (a) The location of the conspiracy took place in Whitley County and elsewhere in the Eastern District of Kentucky.
>
> (b) That the Defendant assisted and participated with Joseph Johnson and Wendell Canada in the manufacture of methamphetamine.
>
> (c) The Defendant would obtain pseudoephedrine, either directly or from third parties, to be used in the manufacture methamphetamine. The Third Parties would receive either cash or methamphetamine for the pseudoephedrine.
>
> (d) The Defendant was purchasing pseudoephedrine during a time period from August 13, 2009 through August 2, 2011.

[Record No. 319, pp. 1–2]

Day was sentenced on April 18, 2014. [Record No. 332] There were no objections to the defendant's Presentence Investigation Report ("PSR"). The Base Level Offense was determined to be 34 under the United States Sentencing Guidelines. [PSR, p. 7] She then received a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Based upon her prior convictions, Day was placed in Criminal History Category II. As a result, Day's Total Offense Level was 31 and her non-binding guideline range for imprisonment was 121 to 151 months.

During the sentencing hearing, the undersigned addressed the applicable statutory factors pursuant to 18 U.S.C. § 3553, including the serious nature of the offense, the history and characteristics of the defendant, the need to promote respect for the law, and the need for adequate general and specific deterrence. Ultimately, the Court concluded that a sentence of less than 124 moths would not satisfy the statutory factors.[2] The subsequent amendment to the drug quantity tables does not alter this determination.

The defendant was 23 years old at the time of sentencing, but has a history of drug possession and use. In August 2011, after being charged with the instant offense by state authorities, Day spent nearly two months in jail. She subsequently failed to complete rehabilitation and was placed back in jail for another two months. Thereafter, she sold methamphetamine to a confidential informant in February 2013, leading to an indictment by state authorities. She pleaded guilty to those charges several months prior to her federal guilty plea. [PSR, p. 3] A reduction in Day's sentence would not provide specific deterrence to her or general deterrence to others who might otherwise be inclined to engage in similar conduct. Further, a reduction would unduly diminish the seriousness of her criminal conduct and would fail to adequately reflect the detrimental impact such crimes have on communities throughout the Eastern District of Kentucky. Accordingly, it is hereby

**ORDERED** that Defendant Victoria C. Day's letter, construed as a motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 441], is **DENIED**.

---

2   The sentence runs consecutively to Day's term of imprisonment relating to a drug conviction in Whitley County Court Case number 13-CR-108. [Record No. 334, p. 2]

This 25th day of February, 2015.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge